BOUTALL, Judge.
This suit arises out of an intersectional collision between an automobile and a taxicab. Plaintiffs, passengers in the cab, have sued the driver and owner of the cab alleging negligence.[1] The trial court found in favor of the defendants and plaintiffs have appealed. We affirm.
This accident occurred at the intersection of North Claiborne Avenue and St. Louis Street in the City of New Orleans. North Claiborne Avenue, the superior roadway, is a wide four-lane thoroughfare. In the middle of the avenue is a wide neutral ground (approximately 116 feet) and above this neutral ground is an elevated interstate highway. Defendant, Sam Taylor, was driving the cab on North Claiborne in an easterly direction in the lane closest to the neutral ground. Myrtis Johnson was driving her automobile on St. Louis Street in a southerly direction. The Johnson vehicle crossed in front of the cab which had the right of way and was struck.
The issue before this court is whether Sam Taylor knew or should have known of Myrtis Johnson’s attempt to cross his path and, if so, did he have time to avoid the collision ?
Plaintiffs refer us to Taylor’s testimony that he saw the Johnson vehicle run the stop sign on St. Louis Street. An examina *653 tion of Taylor’s entire testimony discloses that at that time Taylor was confused as to which stop sign or stop was being mentioned in the questioning. North Claiborne has two traffic roadways separated by the wide neutral ground. At the corner of North Claiborne (going west) and St. Louis is a stop sign. Taylor appears to have testified that he saw the Johnson car run this stop sign (as did one of the plaintiffs). Under examination by the court it became clear that the “stop sign” Taylor had mentioned earlier in his testimony was not the above mentioned stop sign but the legally required “stop” in the neutral ground before entering the other roadway of North Claiborne (going east), the roadway the cab was in. There is no stop sign there but the motorist is under a duty to yield to the oncoming traffic with the right of way.
Taylor’s testimony is consistent on the point that the first time he saw the Johnson car it was stopped behind a support pole in the neutral ground. The next thing he knew it started up and across his lane of travel. He further stated that he applied his brakes but was unable to avoid hitting the Johnson car.
Melvin Wright testified that he was a passenger in the cab, seated in the back seat. He saw, by looking through the automobile pound fence, the Johnson car run the stop sign on the opposite roadway and proceed to traverse the neutral ground. When the car showed signs of not yielding for the cab he called out a warning to Taylor. He estimated that two and a half seconds elapsed from the time he called out the warning until impact. At that time the cab was an estimated 19 or 20 feet from the intersection. He stated that Taylor did nothing to avoid the impact and did not apply his brakes.
The other plaintiff, Mrs. Wright, saw the Johnson car only an instant before impact. She was unsure about most of the facts of the accident because she apparently was not paying much attention.
The law as to this type of situation was best expressed in a recent decision of this court, Bland v. Interstate Fire and Casualty Co., 311 So.2d 480 (La.App. 4th Cir. 1975). In that case we stated:
“[3] A motorist traveling on a high-speed, multilane highway is not required to anticipate that a-motorist entering the highway will not yield the right of way. Mrs. Melancon’s entering the highway and crossing the traffic-free eastbound lanes did not serve to place a westbound motorist on notice that she would not stop or pause momentarily in the neutral ground area and yield the right of way to westbound traffic. By the time Bland knew or should have known she was not going to respect his right of way, it was too late for him to take any evasive action.”
This statement is accentuated in this case because the neutral ground was 116 feet wide, whereas in the Bland case it was only 8 feet.
The basic problem in this case is the conflicting testimony. Mr. Wright stated that he saw the Johnson car run the stop sign and traverse the neutral ground. Upon seeing that the car would not yield the right of way to the cab he called out a warning to the driver. Mr. Taylor stated that he saw the Johnson car stopped behind a support post in the neutral ground and that it suddenly accelerated into his path. He heard no warning from his passengers but applied his brakes and could do nothing of any effect to avoid the collision. The trial judge resolved this conflict in testimony in favor of Taylor.
The law places no great duty upon a driver with the right of way until it becomes clear that a car approaching from a less favored street or neutral ground is not going to yield. With an estimated two and a half second reaction time until impact we fail to see how Taylor could have avoided the collision.
*654 Assuming two and a half seconds was sufficient time to avoid the collision, Taylor testified that he had almost no time and the accident occurred almost instantaneously after he became aware of the Johnson car. In such an instance, with conflicting time estimates, the trial court is deemed the best judge of the demeanor and credibility of the witnesses. We find no legal or factual basis for disturbing the findings of the trial court.
For the above reasons the judgment of the trial court is affirmed. Plaintiffs to pay all costs.

Affirmed.

. The driver of the automobile, Myrtis Johnson, was also made defendant, but she is not involved in this appeal.